T.C. Memo. 2018-30

UNITED STATES TAX COURT

GREGORY S. LARSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21834-16.                    Filed March 19, 2018.

Gregory S. Larson, pro se.

<u>Steven Mitchell Roth</u>, <u>Daniel V. Triplett, Jr.</u>, and <u>Kim-Khanh Nguyen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies of $7,649 and $19,229 and section 6662(a) penalties of $1,529.80 and $3,845.80 in relation to petitioner's Federal income tax for 2013 and 2014, respectively.  After concessions, the issue for decision is whether petitioner is liable for each year for

**[*2]** the penalty on an underpayment attributable to a substantial understatement of income tax provided for in section 6662(a) and (b)(2). All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner was a resident of California when he filed the petition in this case. During 2013 and 2014 petitioner was a practicing lawyer. For each year he reported the income from that business and claimed deductions on Schedule C, Profit or Loss From Business, of his Form 1040, U.S. Individual Income Tax Return. For 2013, he claimed a $46,705 casualty loss resulting from a fire at his residence. For 2013 he reported only self-employment tax of $1,170 and additional tax on a pension of $1,869 for a total due of $3,039, and requested a refund of the excess amount withheld from his wages. For 2014 he reported income tax of $11,275 and self-employment tax of $12,130, for a total due of $23,405.

Petitioner hired a bookkeeping firm to maintain his records. He did not provide receipts to the bookkeeper, "just [his] checking account and descriptions of whatever the check was for". Petitioner's returns were prepared by Andres

[*3] Garcia, a certified public accountant (C.P.A.) affiliated with the bookkeeping firm. Although the C.P.A. was designated on the returns as a person with whom the returns could be discussed, the C.P.A. refused to assist petitioner when the returns were audited. Although petitioner obtained other representation for the audit, no records substantiating travel or meals and entertainment expenses were produced. The representative presented information that "thrift shop value" of items lost in a fire, rather than adjusted basis, was used in claiming the casualty loss.

The audit resulted in a determination of the deficiencies shown above after the examiner adjusted petitioner's income and disallowed deductions. Before the notice of deficiency was sent, a group manager executed a Civil Penalty Approval Form in which he approved a substantial understatement penalty. However, the negligence penalty was not asserted "since [the] substantial understatement penalty has been assessed."

Before trial the parties executed a stipulation of settled issues. In that stipulation respondent conceded certain itemized deductions and business expenses, and petitioner conceded unreported income and various deductions. The deductions that petitioner conceded included travel expenses of $3,448 for 2013 and $4,736 for 2014; meals and entertainment of $5,613 for 2013 and

[*4] $7,071 for 2014; and $36,705 of the casualty loss. After all concessions by both parties are taken into account, the recomputed deficiencies are $6,894 for 2013 and $5,882 for 2014.

OPINION

Petitioner contends that he is not liable for the substantial understatement penalties because he relied on a C.P.A. to prepare his returns using books maintained by a bookkeeping service. He acknowledges that he identified the purposes for which checks were written and did not provide receipts to his bookkeeper. He could not state definitively whether he had provided to the preparer backup receipts for the totals claimed as travel expenses on his returns. He testified that he gave the preparer the items and amounts claimed for the casualty loss. Petitioner testified: "Mr. Garcia didn't ask me any questions. I relied a hundred percent on him after I handed him those materials. He didn't ask me any questions". Petitioner did not describe any specific advice that Garcia gave him before the audit. He testified that after the audit began Garcia said: "[Y]ou're on your own". Petitioner did not address any of the disallowed deductions on the merits, so we infer that they were appropriately disallowed--and conceded--for lack of substantiation.

**[*5]** Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax which is attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Respondent has the burden of going forward with respect to penalties. See sec. 7491(c). For each year the understatement as recomputed exceeds $5,000, which is greater than 10% of the tax required to be shown on the return, and the assertion of the substantial underpayment penalty was approved as required by section 6751(a). See Graev v. Commissioner, 149 T.C. __, __ (slip op. at 14) (Dec. 20, 2017), supplementing 147 T.C. __ (Nov. 30, 2016). Thus respondent's burden has been met.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate because, for example, he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. 438, 448-449 (2001). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs.

**[*6]**   A taxpayer may demonstrate reasonable cause and good faith by showing reliance on the advice of a tax professional, such as an accountant or a lawyer, regarding a particular item's tax treatment.  Id. para. (c)(1).  To rely in good faith on the advice of a professional, the taxpayer must show that:  (1) the adviser "was a competent professional who had sufficient expertise to justify reliance"; (2) "the taxpayer provided necessary and accurate information to the adviser"; and (3) "the taxpayer actually relied in good faith on the adviser's judgment."  Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Petitioner's showing falls short of persuading us that he relied in good faith on a qualified preparer.  We know nothing about Garcia's expertise and experience, although petitioner mentioned that Garcia had just passed the C.P.A. exam.  Petitioner's vague testimony suggests that he did not provide complete information to Garcia.  Moreover, petitioner presented no direct evidence of Garcia's advice with respect to the disallowed deductions.  Garcia's response when petitioner's returns were audited appears to disassociate Garcia from the amounts reported on the returns.  The substantial understatement penalties will be sustained.

**[\*7]**   To reflect the stipulation of settled issues and our conclusions above,

<u>An appropriate decision will be</u>

<u>entered</u>.